UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 17-CR-0116 (PJS/LIB) |
| Plaintiff, | |
| v. | ORDER |
| KEVIN JAMES PETROSKE, | |
| Defendant. | |

Melinda A. Williams and Manda M. Sertich, UNITED STATES ATTORNEY'S OFFICE, for plaintiff.

Craig S. Hunter, NORTHLAND LAW, for defendant.

Defendant Kevin Petroske is charged with eight counts of production and attempted production of child pornography and one count of possession of child pornography. The production charges relate to video recordings of minors taking off their clothes or showering. Petroske made the videos by surreptitiously recording the minors through the windows of their homes. It appears that the main issue at trial will be whether the videos are pornographic. *See United States v. Kemmerling*, 285 F.3d 644, 645-46 (8th Cir. 2002) ("We have held that more than mere nudity is required before an image can qualify as 'lascivious' within the meaning of the statute.").

This matter is before the Court on Petroske's motion in limine to exclude the audio portion of the videos. When the videos are played with the audio, the viewer can hear Petroske's comments about what he is recording. Typical comments include "oh,

baby, here it comes," "nice pussy," and "can't see it yet." At times, the viewer can also hear the sound of Petroske masturbating. Petroske moves to exclude the audio under Fed. R. Evid. 403 on the grounds that "its probative value is substantially outweighed by a danger of . . . unfair prejudice [or] confusing the issues . . . ."

Petroske is charged under 18 U.S.C. § 2251(a), which, in relevant part, imposes criminal penalties on "[a]ny person who . . . uses . . . any minor to engage in . . . any sexually explicit conduct for the purpose of producing any visual depiction of such conduct . . . ." "Sexually explicit conduct," as relevant in this case, means "lascivious exhibition of the genitals or pubic area of any person[.]" 18 U.S.C. § 2256(2)(A)(v). To determine whether an exhibition is "lascivious," the Eighth Circuit considers the factors first articulated in *United States v. Dost*, 636 F. Supp. 828 (S.D. Cal. 1986), *aff'd sub nom. United States v. Wiegand*, 812 F.2d 1239 (9th Cir.), *and aff'd*, 813 F.2d 1231 (9th Cir. 1987). These factors include "whether the visual depiction is intended or designed to elicit a sexual response in the viewer." *Id.* at 832. The Eighth Circuit has also said, however, that "the relevant factual inquiry . . . is not whether the pictures in issue appealed, or were intended to appeal, to [the defendant's] sexual interests but whether, on their face, they appear to be of a sexual character." *Kemmerling*, 285 F.3d at 646.

Petroske argues that, because the audio portion of the videos graphically reflects his own sexual interest in the images that he has recorded, it will lead the jury to

consider an irrelevant issue (that is, whether the videos appealed to Petroske's sexual interests) while being only minimally probative of a relevant issue (that is, whether the videos appealed to a viewer's sexual interests).[1] Having read the parties' briefs and watched the videos, however, the Court agrees with the government that Petroske's motion should be denied.

Whatever the merits of Petroske's argument as an original matter, the Court cannot meaningfully distinguish this case from *United States v. Johnson*, 639 F.3d 433 (8th Cir. 2011). In *Johnson*, the defendant (a coach) made surreptitious videos of teenaged female athletes taking off their clothes and weighing themselves. *Id.* at 435-36. After the videos were discovered, the defendant told investigators that his "pervertedness got the best of [him]" and that he wanted to see the girls naked and thought they were "cute." *Id.* at 436. As in this case, the defendant's statements concerned only his own

---

[1]The Eighth Circuit has never really explained—and this Court has difficulty understanding—why evidence about whether a visual depiction was intended or designed to elicit a sexual response in a *viewer* is relevant, but evidence about whether a visual depiction was intended or designed to elicit a sexual response in the *defendant* is not relevant. The defendant is, after all, a viewer—often the *only* viewer—of a visual depiction produced by the defendant. Indeed, this point was recently made by the Eighth Circuit itself in a decision that is in some tension with *Kemmerling*. *See United States v. Ward*, 686 F.3d 879, 884 (8th Cir. 2012) ("A reasonable jury could therefore find that [Ward] composed the images in order to elicit a sexual response in a viewer—himself." (citation and quotations omitted; alteration in original)). In any event, for purposes of ruling on Petroske's motion, this Court will assume that it would be impermissible for the jury to consider whether Petroske's videos appealed to Petroske's own sexual interests.

-3-

sexual interests, and there was no indication that the defendant ever intended to show the videos to anyone else. Nevertheless, the Eighth Circuit explained that "statements made by the producer about the images are relevant in determining whether the images were intended to elicit a sexual response in the viewer." *Id.* at 441. It is true, as Petroske argues, that *Johnson* did not have occasion to address an argument under Rule 403. But the Eighth Circuit twice noted that the jury was instructed not to decide whether the images appealed to the defendant's sexual interests, *id.* at 441, 442, thus implicitly suggesting that any danger of prejudice was adequately mitigated by the instructions.

In this case, the audio portion of the videos has even more probative value than the defendant's statements in *Johnson*. After all, the audio is *part* of the recording; anyone who watches the videos will hear the audio. Excluding the audio would deprive the jury of the full context of the recordings. Indeed, if the audio were excluded, the jury would be asked to determine whether something that the defendant *did not produce* (a video without sound) was or was not child pornography.

Importantly, the Eighth Circuit has approvingly noted that captions are a relevant factor in determining whether a visual depiction is lascivious. *United States v. Ward*, 686 F.3d 879, 882 (8th Cir. 2012); *see also United States v. Lohse*, 797 F.3d 515, 520 (8th Cir. 2015). Much of Petroske's commentary is akin to captions—albeit oral, rather than written.

Finally, as the government notes, Petroske is charged not only with *producing* child pornography, but with *attempting* to produce child pornography. "The elements of attempt are (1) intent to commit the predicate offense, and (2) conduct that is a substantial step toward its commission." *United States v. Spurlock*, 495 F.3d 1011, 1014 (8th Cir. 2007). Consequently, Petroske's *intent*—that is, what he was thinking when he was recording the minors—will be a crucial issue at trial. It is difficult to think of evidence that is more probative of Petroske's intent than the statements he made while he was in the process of recording the videos.

The Court therefore rejects Petroske's argument that the audio has little probative value and that its probative value is substantially outweighed by the danger of unfair prejudice and confusing the issues. As the Court has explained, the audio has strong probative value—and, particularly after the Court gives a limiting instruction to the jury, the risk of unfair prejudice and confusion of the issues will be modest. Petroske's motion to exclude the audio portion of the videos is therefore denied.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT defendant's motion in limine [ECF No. 28] is DENIED.

Dated: August 3, 2017

s/Patrick J. Schiltz
Patrick J. Schiltz
United States District Judge