UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

United States of America,

       Plaintiff,

v.            Criminal No. 17-CR-116 (PJS)

Kevin James Petroske,

       Defendant.

---

### DEFENDANT'S SENTENCING POSITION
---

#### Objections to Presentence Report

Mr. Petroske is entitled to acceptance of responsibility under U.S.S.G. 3E1.1. In his testimony at trial, he forthrightly stated what his conduct toward the minors had been and acknowledged that he had, in his words, stolen their childhood. There's a tremendous difference between a person denying he committed the acts constituting an offense and someone acknowledging he committed the acts alleged and asserting those acts do not constitute the offense alleged. As stated in the Commentary, Application Note 2 of 3E1.1:

> Conviction by trial, however, does not automatically preclude a defendant from consideration for such a reduction. In rare situations a defendant may clearly demonstrate an acceptance of responsibility for his criminal conduct even though he exercises his constitutional right to a trial. This may occur, for example, where a defendant goes to trial

1

    to assert and preserve issues that do not relate to factual guilt (e.g., to make a constitutional challenge to a statute or a challenge to the applicability of a statute to his conduct).

 Mr. Petroske's acceptance of responsibility also weighs in favor of the sentence he requests. Mr. Petroske otherwise preserves his objections to the presentence report.

Sentence

 Kevin Petroske requests the imposition of a 15-year sentence for production or attempted production of child pornography, concurrent with a sentence for possession of child pornography.

 His surreptitious videoing of minors did not capture, and was not intended to capture, the minors engaged in any sexual conduct. At the last hearing, Your Honor indicated, if this is stated correctly, that absent the 8th Circuit construction of the applicable statute the Court might not consider Mr. Petroske's conduct to meet the definition of the crimes charged.

 Mr. Petroske's offense was anything but in the heartland of production or attempted production of child pornography. It falls at the outer limits, if not outside, of what might be called the visible spectrum of offenses related to production or attempted production of child pornography. Rather than "We know it when we see it," in this case it's "We know when we're told that's what it is."

 Mr. Petroske's videoing of the minors contains little if any of the indicia

present in mainstream offenses of production or attempted production of child pornography. There was no posing of the minors, no sexual, physical or other contact between Mr. Petroske and any of them, and no distribution of the videos. The minors only knew they had been videoed when they were told about it late

The fact that his victims were unaware of his conduct allowed Mr. Petroske to continue his obsession with, and compulsion to engage in, that conduct. In a form he completed when beginning treatment after his first arrest and conviction for surreptitious videotaping, he tried to articulate why he had engaged in that conduct. He described it in terms of being a "pro," that is, having been able to engage in the conduct – until caught – or of somehow thinking he had the right to do it because he wasn't hurting anyone or that he deserved to do it. While those attempts to explain his conduct were used against him at trial, they shouldn't be held against him at sentencing. They were an attempt on his part to try to understand the motivation and rationalization for his conduct with a view to changing it.

Mr. Petroske's reoffending during the very limited treatment he received after his earlier offenses is understandable in light of the obsessive-compulsive nature of his conduct and because there were no immediate legal consequences from his conduct. He would feel disgusted and ashamed after an incident but was not able to stop. After Mr. Petroske's rearrest, his brief treatment provider's

hatchet-job exit summary, which when read between the lines may be said to be him saying it wasn't my fault, notwithstanding, Mr. Petroske is likely amenable to intensive treatment that will equip him to not recidivate. Mr. Petroske acknowledges his conduct, and that it was wrong, and is committed to changing.

While 8th Circuit law dictated the Court's rulings that led to Mr. Petroske's convictions on the charges related to production or attempted production of child pornography, 8th Circuit law also gives the Court the full discretion to impose the 15-year sentence requested by Mr. Petroske. The Court has the discretion to impose the sentence it deems appropriate (subject to any mandatory minimum), if the court has appropriately considered the sentencing statute factors. *United States v. Cole,* 765 F.3d 884, 887 (8th Cir. 2014) (downward variance to 3-years' probation from advisory guidelines range of 135-168 months imprisonment), the Court stating, "We find no error in the weighing of the section 3553(a) factors, and thus the district court did not abuse its substantial discretion in sentencing Cole to probation."

Here, a sentence of 15 years is more than long enough to fulfill the sentencing statute factors. As to punishment and consideration of the seriousness of the offenses, 15 years is an extremely lengthy sentence. It is much more than one would likely serve for either the sexual abuse of a minor under 18 U.S.C. 2243(a), which has a sentencing guidelines base level of 18 and at an adjusted

offense level of 16 has an advisory guidelines range of 21-57 depending on criminal history, or for the sexual abuse of a person 16 or over through use of threat under 18 U.S.C. 2242(1), which has a sentencing guideline base level of 30 and at an adjusted offense level of 27 has an advisory guidelines range of 70-162 months depending on criminal history.

It isn't controlling that Mr. Petroske was convicted of a number of offenses, and that the government could have included even more counts involving Mr. Petroske's surreptitious videos of minors had it chosen to, rather than just one rape. Even a substantial number of surreptitious videos of minors, with whom Mr. Petroske had no sexual, physical or other contact and who were completely unaware of his videoing when done, does not rise to the level of punishment appropriate for the rape of one person.

Mr. Petroske's case is highly unlike that of *United States v. Sean Penoncello,* 15-CR-120 (PJS) in which the Court imposed consecutive 15-year sentences on the defendant after his conviction at trial on 2 counts of production of child pornography involving the videoed sexual abuse of a 14-year old minor and of a much younger minor, the Court noting, if stated correctly, the defendant's complete lack of acceptance of responsibility and remorse. In that case, the investigation started from the younger minor's pornographic image turning up on a computer in Ohio and traced through EXIF data to the defendant's residence.

As to Mr. Petroske's circumstances, he recognizes the nature of his conduct, and his servitude to it, and is committed to rehabilitation. He is a bright and articulate person, as the Court could judge at trial when he testified at length and honestly to a fault.

As to deterrence, there's nothing to indicate that a sentence longer than 15 years would provide additional deterrence to Mr. Petroske or anyone else or that it would serve the interests of the victims or society. A 15-year sentence would do justice to the injuries to the victims while also doing justice to Mr. Petroske.

The advisory sentencing guidelines possession of pornography are excessive and for Mr. Petroske's conduct otherwise are absurdly high. Under 8th Circuit law, disagreement with a guideline is a legitimate basis for a variance, and that factor is noted in the Statement of Reasons form.

Another factor the Court may consider is that Mr. Petroske has been subject to significant hardship during his lengthy detention in facilities with minimal programming and no opportunity to breathe fresh air.

As is believed was noted on the record at trial, the government offered Mr. Petroske a plea agreement under which he would have pled to one count of production with a government recommendation of a 15-year sentence. That offer was withdrawn when Mr. Petroske proceeded with a motion in limine well in

advance of trial. Subject to the Court's subsequent orders in limine, the defense conferred numerously with the government and reached stipulations regarding the presentation of evidence.

As to the victims being witnesses, the defendant offered to stipulate to all facts necessary for the victims not to be called as witnesses. The government certainly had the right to call them as witnesses for whatever reasons they chose, including as may have been indicated on the record, that the victims wanted to testify, but they were not required to be called for the case to be proved. And their testimony was not challenged in any way by the defense.

The government had the right to extend and withdraw an offer as it saw fit, but the circumstances of this case beg the question of why, if the government deemed before trial that a sentence of 15 years would be fair and reasonable, that would not still be a fair and reasonable sentence.

It's respectfully submitted that a sentence of 15 years would be sufficient but not greater than necessary upon appropriate consideration of all sentencing factors and circumstances of the case.

Dated January 5, 2018

Respectfully submitted,        NORTHLAND LAW

                                      *s/ Craig S. Hunter*
                                      Craig S. Hunter (#48264)
                                      Attorney for Defendant
                                      101 West 2nd Street, #211B
                                      Duluth, MN 55802(218) 625-2215